UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

Carol Corgey,                          §
                                       §
            Plaintiff,                 §
                                       §
versus                                 §        Civil Action H-17-235
                                       §
Target Corporation and USM. Inc.,      §
                                       §
            Defendants.                §

United States District Court
Southern District of Texas
ENTERED
August 07, 2018
David J. Bradley, Clerk

## Opinion on Summary Judgment

1. *Facts.*

On May 28, 2015, Carol Corgey went to a Target store in Tomball, Texas. While Corgey was returning to her car, she saw a puddle without constraints in her choice of path. She chose to walk through the puddle instead of around it, even though the surrounding area was dry. Corgey fell. She says she slipped on algae. Corgey says she could not see the algae, but that she "felt it against her leg" when she fell. A passerby went to the store for help. Shortly, the manager came to the parking lot and asked Corgey whether she should call for an ambulance. Corgey said no and that her husband was coming to pick her up. The store manager and a maintenance worker waited with her for about 15 minutes until her husband arrived. Corgey's husband took her to St. Luke's Hospital where a doctor performed X-rays on her knee. Corgey broke her kneecap.

On August 6, 2010, Target Corporation hired USM, Inc., to landscape and keep the outside clean and safe. They agreed that USM would manage basic irrigation and check the site at least once a week. If USM did not inspect the premises weekly, then it would be liable for all slip-and-fall accidents. USM had done the weekly inspection.

Tomball had flooded from several inches of rain in the days before the accident. USM is not responsible for draining ponded water from rain.

3.  *Negligence.*

Corgey says USM and Target were both negligent in keeping the store premises safe. Corgey should have walked around the puddle. Target and USM are not responsible for the path she chose. It was approximately two feet wide and easily avoidable. Corgey admits that she had taken a different route through the parking lot when she entered the store. She could have returned to her car using the same route or many others.

USM is not liable. Rain, its severity, and its continuity are nature. It was not negligent because the parking lot had clear pathways which could have delivered Corgey safely to her car. A pool of water may be deeper than expected or it can contain unknown, slimy substances. Corgey assumed the risk of a fall when she stepped through the puddle. Neither USM's agreement with Target nor the law requires it to ensure a waterless property. The pictures from the security camera show that the puddle was the only one in the lot. Corgey should have chosen to walk back to her car safely.

Corgey says Target is negligent in its hiring of USM and its own employees. She specifies nothing that an employee of Target did or did not do in training that caused or exacerbated her accident. Target is not liable because it only owes a duty to warn invitees of concealed dangers of which it knows or should have known. Corgey claims that the danger was hidden because she could not see the algae; however, she could see the pool of water. The puddle was open and obvious.

No evidence shows that algae was present. While Corgey waited for her husband, she says the manager and maintenance man discussed using muriatic acid to clean the area. Muriatic acid is often used for general cleaning, including to clean stains and mold. This is not evidence that algae was in the puddle. This measure could be preventative or curative, neither of which is admissible to show what was in the puddle and what caused her fall. Whether or not algae was in the puddle, Corgey could have sustained the same injuries from stepping into

unknown water. After Corgey's fall, Target's employees immediately responded to her needs. She confirmed that they treated her well.

4. *Conclusion*

The condition that caused Corgey's fall is unknown. The flooding in the days preceding the accident was beyond the control of Target or USM. The water was open and obvious as was the common knowledge that stepping in water may be hazardous in its depth, contents, and uneven bottom. Because Corgey did not see the algae, she cannot be sure that it was present. A watery surface can be slippery without algae. She knew or should have known the dangers when she saw the puddle and decided against walking a few extra steps to avoid it. Corgey had the every chance to avoid the risk of an accident from stepping into a pool.

Carol Corgey will take nothing from Target Corporation and USM, Inc.

Signed on August 6, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge